The opinion of the Court was delivered by
Johnstone, J.
That the picture, when it came to the hands of Mr. Gray, should be considered as in the hands of the law, does not, in my opinion, admit of a doubt. He was ordered to receive it in his official capacity. Though the order was passed by consent, that circumstance did not degrade him into a mere agent of the parties. The order was the order of the Court, and not of the parties.
It is not intended by these observations to abolish the well-established distinction between decrees or orders, pronounced by the Court, as its own judgment, upon matters propounded for its adj udication, and orders or decrees passed upon motion of counsel. In the former case, the Court is responsible for the judgment, and it stands upon the samé footing as decrees generally do.
In the latter case, the party taking the decree upon his *151 motion, takes it at his own peril, and being bound to take only such decree as he can abide by, is bound-to uphold the decree; and, if he fail to do so, must lose its benefits.
.■ Birt the order by which the picture was lodged with Mr. Gray did not originate with him, and did not depend upon his consent. It operated, so far as concerned him, in invitum. He was obliged to receive by the mandate of the Court;. and when he received, he held for the Court. The subject-matter was in the hands of the law; and, holding, not as a private person, but as an instrument of the forum, that forum alone could discharge him, or control him in the performance of the functions it imposed on him.
The case of Bowden vs. Schatzell(a) referred to in the argument, stands upon the principles just mentioned; and must control this case, if, at the date of the attachment, the picture still remained in Mr. Gray’s hands, subject to a final decree in the cause.
The decree of Chancellor Inglis was subject to appeal. Whether the appeal, when taken, superseded this decree, as to the parties to the cause, or whether the successful party was at liberty, notwithstanding the appeal, to go on, and execute the decreé, need not be considered or decided here. There is great difficulty, undoubtedly, in the question whether an appeal, ipso facto, operates as a supersedeas; and, if so, whether it so operates in all cases and to an unlimited extent, or whether its operation is limited by the nature of the case, and restricted by its exigencies. But what I mean to say, in this case, is, that Mr. Gray was neither a party to the cause nor to the appeal. He could neither speed nor retard the cause in the Circuit or in the Appeal Court. He was the powerless custodian of property in Court, and so long as its decree remained open to investigation, he must remain liable to the final decree.
*152 It would place the officers of the Court in a condition of intolerable responsibility and peril to hold the contrary doctrine.
It is ordered, that the motion be granted, and that the order, moved for in the Circuit Court, be entered in the attachment case.
O’Neall, C. J., concurred.
Motion granted.

 Bail Eq. 361.